UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CBS Outdoor, Inc.,

    Plaintiff,

v.

City of Royal Oak,

    Defendant.

                                     /

Case No. 11-13887

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter comes before the Court on Defendant City of Royal Oak's motion for judgment on the pleadings. For the reasons set forth below, Defendant's motion is DENIED.

**I.    Facts**

Plaintiff CBS Outdoor, Inc. challenges the constitutionality of Defendant's zoning ordinance as it applies to billboards. Specifically, Plaintiff asserts that the special land use permit requirements and application process constitute a facially unconstitutional prior restraint on free speech.

    **A.    Defendant's Zoning Ordinance**

In Royal Oak, billboards are regulated by § 770-57, under "Article V. Special Provisions" of the zoning ordinance ("Billboard Ordinance"). The Defendant's zoning

ordinance establishes that billboards are a special land use for property zoned general industrial. (Compl. ¶¶ 14, 15.) Proposed billboards are subject to Defendant's special land use application and permit process. (Compl. ¶¶ 16, 18.) Article III, Section 11 of the Zoning Ordinance establishes the process for obtaining a special land use permit, which may be granted by the City's planning commission ("Planning Commission") in its discretion. (Compl. ¶ 19; Def. Mot. Ex. B, at 3-4.) First, an applicant must submit a special land use application, a site plan, and a fee. (*Id.*) If the City's zoning administrator determines that the submission is complete, he or she forwards the application to the Planning Commission. (*Id.*) The City's Planning Commission must hold a public hearing prior to deciding to approve or deny the special land use. (*Id.*)

In deciding to approve or deny a special land use, the Planning Commission shall establish whether the proposed special land use:

> (1) Will be harmonious and in accordance with the general objectives or any specific objectives of the Master Plan;
>
> (2) Will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and will not change the essential character of the area;
>
> (3) Will not be hazardous or disturbing to existing uses or uses reasonably anticipated in the future;
>
> (4) Will be an improvement in relation to property in the immediate vicinity and to the City as a whole;
>
> (5) Will be served adequately by essential public services and facilities or that the persons responsible for the establishment of the proposed use will provide adequately any such service or facility;
>
> (6) Will not create excessive additional public costs and will not be detrimental to the economic welfare of the City; and

2

(7) Will be consistent with the intent and purposes of this chapter, and comply with all applicable provisions and standards which are established for said use by this chapter and other applicable codes.

(*Id.*)  Any decision which denies a request shall specify the basis for the denial.  (*Id.*)

### B.     Plaintiff's Billboard Denied

Plaintiff brought this action when Defendant denied Plaintiff's request to erect and maintain a billboard located at 5060 Coolidge Hwy., which is zoned general industrial in the City of Royal Oak.  (Compl. ¶¶ 20, 21.)  Defendant informed Plaintiff that Plaintiff had to submit a special land use application, a site plan, and a $1500 fee in order to obtain a permit to erect a billboard.  (*Id.* at ¶¶ 22.)  Plaintiff submitted the required materials and fee.  (*Id.* at ¶¶ 23, 24.)  Defendant's planning department reviewed the site plan and informed the Planning Commission that the proposed billboard met or exceeded the standards under the Billboard Ordinance.  (*Id.* at ¶¶ 25, 26.)  At a public hearing on August 9, 2011, however, the Planning Commission denied Plaintiff's special land use permit.  (*Id.* at ¶¶ 27, 28.)

> According to Defendant's Planning Commission meeting minutes:
>
> Denial of the special land use permit is based on the following findings:
>
> 1. The proposed billboard would be neither harmonious nor in accordance with the objectives of the Master Plan.
>
> 2. The proposed billboard would not be designed, constructed, operated, and/or maintained so as to be harmonious and appropriate in appearance with the expected commercial redevelopment of surrounding obsolete industrial properties.
>
> 3. The proposed billboard would be hazardous and/or disturbing to existing uses and commercial uses reasonably anticipated to develop in the area in the future. The proposed billboard would be a hazardous distraction to the large volumes of passing motorists on Coolidge Highway.

3

> 4. The proposed billboard would not be an improvement in relation to property in the immediate vicinity and/or to the City as a whole, and would provide no benefit to the community.
>
> 5. The proposed billboard would not be consistent with the intent and purposes of the Zoning Ordinance.
>
> 6. The proposed billboard would have other unspecified negative impacts on the public health, safety and welfare.

(Compl. ¶ 29; Def. Mot Ex. 3, at 6.) The motion to deny Plaintiff's application for a special land use permit was adopted unanimously. (Def. Mot Ex. 3, at 6.)

Defendant prohibited Plaintiff from erecting its proposed billboard by refusing to grant a special land use permit. (Compl. ¶¶ 31, 32.) The Planning Commission made no statements that it contested the planning department's determination that Plaintiff's proposed billboard met or exceeded all requirements under the Billboard Ordinance. (*Id.* ¶ 21).

## II. Standard

At any time after the pleadings close, but before trial commences, a party may move for a judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). The standard of review is the same *de novo* standard applicable to a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). While legal conclusions provide the framework of a complaint, those conclusions must be supported by factual allegations. *Id.*

A rule 12(b)(6) analysis generally forbids a court from considering documents outside the pleadings, but when a document is referred to in the complaint and is central to the plaintiff's claim, the court may consider it. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). This does not convert a motion to dismiss into a motion for summary judgment. *Id.*

**III.   Analysis**

Defendant seeks a judgment on the pleadings for Count I of Plaintiff's Complaint, which alleges that Defendant's zoning ordinance is a facially unconstitutional prior

restraint on free speech.

Regardless of whether an ordinance is content-based or content-neutral, it cannot place unduly broad discretion in the hands of a licensing official or agency to determine whether to grant or deny a permit. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 225 (1990); *Thomas v. Chicago Park District*, 534 U.S. 316 (2002); *Forsyth County v. Nationalist Movement,* 505 U.S. 123, 131 (1992). This Court has found several city zoning ordinances that govern billboards to be unconstitutional prior restraints on free speech because they lack objective standards and placed too much discretion in the licensing officials. *See Int'l Outdoor, Inc. v. City of Romulus*, No. 07-15125, 2008 WL 4792645 (E.D. Mich. Oct. 29, 2008) (Zatkoff, J.); *King Enterprises, Inc. v. Thomas Twp*, 215 F. Supp. 2d 891 (E.D. Mich. 2002) (Lawson, J.); *Macdonald Advertising Co. v. City of Pontiac*, 916 F. Supp. 644 (E.D. Mich. 1995) (Rosen, J.); *see also CBS Outdoor, Inc. v. City of Kentwood*, No. 09-CV-1016, 2010 WL 3942842 (W.D. Mich. Oct. 6, 2010).

In this case, Plaintiffs argue that Defendant's application process for a special use permit improperly grants the licensing authority "unbridled discretion to approve or reject a billboard as a special land use through an arbitrary decision making process lacking narrow, objective and definite standards."[1] (Compl. ¶¶ 36-37.)

Both parties delve into the merits of Plaintiff's claim, discussing at length which analytical framework applies and how the facts of this case fit into those frameworks. This analysis, however, is premature. At the "judgment on the pleadings" stage, this

---

[1] Despite the unambiguous language of the Complaint that indicates the Plaintiff is alleging that the special land use provisions of Defendant's zoning ordinance are unconstitutional (§ 770-11), Defendant filed its motion to dismiss, arguing that the Billboard Ordinance (§ 770-57) is constitutionally valid.

Court accepts all of the Complaint's factual allegations as true. Plaintiff has stated a valid claim upon which relief may be granted and Defendant's motion for judgment on the pleadings is denied.

## IV. Conclusion

For the foregoing reasons, Defendant's motion for judgment on the pleadings is DENIED.

                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: February 17, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2012, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer
                    Case Manager